UNITED STATES of America

v.

MACOMB CONTRACTING CORP., et al.

No. 3–84–1095.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 12, 1990.

---

William M. Cohen, Office of the U.S. Atty., Nashville, Tenn., Michael F. Hertz, Stephen D. Altman, Judith Rabinowitz, Washington, D.C., for plaintiff.

Lawrence M. Scott, Roseville, Mich., for defendants Macomb and Capaldi.

James F. Sanders, James G. Thomas, Neal & Harwell, Nashville, Tenn., for defendant Koroski.

Lee C. Davis, Griffin, Cochrane & Marshall, Atlanta, Ga., for defendants Macomb, Paul A. Bosco & Sons Contracting, Macomb Contracting of MS, Bosco & Sons, Inc., Paul Bosco.

MEMORANDUM

HIGGINS, District Judge.

This is an action brought by the United States under Tennessee state law and the False Claims Act, 31 U.S.C. § 3729 *et seq.*, against Macomb Contracting Corp., a Michigan corporation; its president Leonard Capaldi; Paul A. Bosco & Sons Contracting Corp., a Mississippi corporation; its president, Paul A. Bosco; Gerald Koroski, a former officer of Bosco & Sons; and the Travelers Indemnity Company, surety for Macomb, who were originally named as defendants. By order entered September 16, 1987, Travelers was dismissed from the action with prejudice, and Mr. Koroski is not a party to the motions for summary judgment now before the Court.

This Court has jurisdiction of the federal claims by virtue of 31 U.S.C. § 3730(b)(1), and of the state law claims under its pendent jurisdiction.

The facts of the case, and its full procedural history, are amply set forth in the Magistrate's Report and Recommendation (entered October 17, 1988) and need not be fully repeated in this memorandum. Suffice it to say that on December 21, 1987, and January 26, 1988, this Court issued separate orders referring various motions and cross-motions for summary judgment to the United States Magistrate. The United States has moved for summary judgment on counts I and II of the original complaint, which charge that the defendants violated the False Claims Act through use of an improper subcontracting arrangement. Defendants have also moved for summary judgment, arguing that counts I, II, IV and V of the original complaint were barred by the applicable statute of limitations, and in the alternative, that the government suffered no damages.

Both parties have filed objections to the Magistrate's Report—the defendants on November 2 and 17, 1988, and the United States on October 28, 1988. In large measure, the objections raise issues already placed before the Magistrate during the extensive briefing process and ably discussed by him in the Report. Having duly

considered the objections, the Court concludes that, with the certain modifications noted, they do not cast doubt on the correctness of the Magistrate's conclusions. The Report will therefore be adopted and, with the modifications contained in this memorandum, will constitute the opinion of the Court.

■ The Magistrate correctly concluded that Congress intended the 1986 amendments to the False Claims Act to apply retroactively to cases such as the present one. The briefs indicate some concern among the parties that this will distort the statute of limitations issue, since the amendments did work some change in that area. However, as this Court reads the amendments, the same result will be obtained under the retroactivity rule. The pertinent portion of the amended Act (§ 3731(b)) reads:

(b) A civil action under section 3730 may not be brought—

(1) more than six years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

The "official of the United States charged with responsibility" could only have been the appropriate official of the Civil Division of the Department of Justice, which alone has the authority to initiate litigation under the Act. It is undisputed that the Civil Division had no knowledge of the violations until the FBI submitted its report to the division on August 2, 1983. The long delay between this date and the actual violations was owing to the length of the FBI's investigation. In any event, the United States filed its complaint on October 12, 1984, well within the three-year period of § 3731(b)(2).

■ Only two other additions to the Magistrate's Report are necessary. First, the Magistrate assessed double damages against the defendants, which was perfectly proper under the pre-amendment statute. However, § 3729(a) of the amended Act provides that a violator "is liable to the United States for a civil penalty ... plus *3 times* the amount of damages which the Government sustains because of the act of that person...." The court may, in its discretion, award only double damages if the violator cooperated fully with the investigation or voluntarily furnished government officials with information about the violations. However, these defendants are not within that favored class. Therefore, treble damages rather than double should be awarded.

■ Also, in addition to the civil penalty assessed for each of the thirty-three false claims submitted by the defendants, the United States is entitled to a civil penalty for the violation of the conspiracy clause of § 3729(a)(3), for a corollary of the Magistrate's findings is the conclusion that the defendants "conspire[d] to defraud the Government by getting a false or fraudulent claim allowed or paid...." The amount of the penalty shall be $10,000, as for the other violations.

In all other respects, the Magistrate's Report will be adopted as is and the objections are overruled. Defendants' motions for summary judgment on counts I and II of the complaint shall be denied. The motion of the United States for summary judgment on counts I and II of the complaint shall be granted, with damages of $4,642,100 multiplied by a factor of three for a total of $13,926,300, plus civil penalties in the amount of $340,000 for 34 violations of the Act, for a total of $14,266,300. Defendants' motion for summary judgment of counts IV and V of the complaint will be granted.